SAMUEL FIORENTINO v. FARR & BAILEY MANUFACTUR-
ING COMPANY.

Decided November 9, 1923.

Negligence—Injury on Ferry-boat Through Motor Truck of De-
fendant Running down the Plaintiff—Second Trial—Judg-
ment not Set Aside—Damages Reduced.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Lewis Starr.*

*Contra, Albert S. Woodruff.*

PER CURIAM.

This suit was brought to recover compensation for personal injuries received by the plaintiff while crossing the Delaware river from Philadelphia to Camden on a ferry-boat of the Delaware River Ferry Company. In the gangway of the ferry-boat there was a truck belonging to one Adkins, who was joined with the Farr & Bailey Company as a defendant. Just in front thereof was another truck, belonging to the Farr & Bailey Company. As the ferry-boat was entering the slip the plaintiff stepped into the gangway in front of the Farr & Bailey truck for the purpose of getting off more speedily. While he was standing there the driver of the Adkins truck cranked his motor while it was in gear, and, as a result, the truck started forward and struck the rear of the

Farr & Bailey truck. That truck had been anchored in its position with a chuck-block under its wheel; but this had been removed by the driver just before the collision occurred. As a result of that collision the Farr & Bailey truck started forward, running the plaintiff down and injuring him. The jury found a verdict in favor of the plaintiff as against the Farr & Bailey Company, awarding him as compensation the sum of $10,000.

The defendant seeks to have the present rule made absolute upon two grounds: *First,* that the finding of the jury that the accident to the plaintiff was the result of negligence on the part of the Farr & Bailey Company's driver was against the weight of the evidence, and *second,* that the verdict is excessive.

The present rule brings up the proceedings at a second trial of this case, and on each trial the verdict of the jury established the existence of liability on the part of the defendant. In this situation we do not consider that we would be justified in disturbing this second verdict, so far as the question of the liability of the defendant is concerned. We think, however, that the amount of the award cannot be justified by the proofs in the case, and we are not hampered by the fact that two juries have concurred upon this phase of the case. On practically the same testimony the first jury fixed as fair compensation to the plaintiff the sum of $5,500, a little more than one-half of the amount of the present award. Our examination of the testimony satisfies us that the finding of the first jury upon the question of damages was a very proper award, under the circumstances, and that necessarily, therefore, the present verdict is grossly excessive.

If the plaintiff will consent to have the present verdict reduced to $5,500 he may enter judgment for that amount. Otherwise the rule to show cause will be made absolute.